972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald Arthur FRIEND, Plaintiff-Appellant,
v.
Fred NORTON, Pierce County Sheriff; Ronald Amer; D.
Garcia, Yakima County Sheriffs; Art Anderson,
Agent of the Pierce County Sheriff's
Department, Defendants-Appellees.
 No. 91-36215.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald Friend, a Washington state prisoner, appeals pro se the district court's grant of summary judgment in favor of the defendants in Friend's 42 U.S.C. § 1983 action. We review de novo, Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986), and we affirm.
 
 Defendant Anderson
 
 3
 Friend contends that Defendant Art Anderson, a detective with the Pierce County Sheriff's Office, deprived him of his constitutional rights when Anderson (1) impounded Friend's car for an inordinate period of time, and (2) sold the car as an abandoned vehicle. These contentions lack merit.
 
 
 4
 Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Judie v. Hamilton, 872 F.2d 919, 920 (9th Cir.1989) (citation omitted). To state a section 1983 claim, the plaintiff must allege facts which show a deprivation of a right, privilege, or immunity secured by the Constitution by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 According to the defendant's affidavits, neither Anderson nor the Pierce County Sheriff's Office ever impounded, released for auction, or exercised control over Friend's car. Rather, the Tacoma Police Department had custody and control over Friend's car. Friend did not present any affidavits or other evidence to refute Anderson's evidence. Therefore, Friend has not demonstrated a genuine issue of material fact, and Anderson was entitled to judgment as a matter of law. See id.
 
 Defendants Amer and Garcia
 
 6
 Friend contends that defendants Ronald Amer and Daniel Garcia deprived him of his constitutional rights when they (1) impounded and searched Friend's motorcycle, and (2) held Friend's property for an inordinate period of time. These contentions lack merit.
 
 
 7
 An inventory search of an impounded vehicle by the police is a reasonable search under the fourth amendment. See South Dakota v. Opperman, 428 U.S. 364, 372-76 (1976).
 
 
 8
 Here, Garcia, a deputy of the Yakima County Sheriff, legally stopped Friend for a minor traffic violation and arrested him pursuant to an outstanding felony warrant. According to the defendants' affidavits, Garcia and Amer took Friend into custody and impounded his motorcycle for evidentiary purposes and safe keeping. The affidavits also state that the defendants obtained Friend's written permission to search the motorcycle. Friend has not presented any affidavits or other evidence to refute the defendants' evidence that they conducted a legal and reasonable inventory search of Friend's motorcycle. Moreover, Friend's claim that the defendants held his personal property lacks merit because neither Amer nor Garcia exercised control over Friend's property once they transferred it to the property custodians at the Yakima County Sheriff's Office. Accordingly, because no genuine issue of material fact exists, the district court correctly granted summary judgment in favor of Amer and Garcia. See Parratt, 451 U.S. at 535.
 
 Defendant Norton
 
 9
 Friend contends that he was denied his fourth amendment rights because defendant Norton (1) conducted an illegal search of Friend's car, and (2) was responsible for the delay in the release of Friend's car. These contentions lack merit.
 
 
 10
 Norton searched Friend's car pursuant to a valid warrant to search for evidence relating to rape and kidnapping charges against Friend. The warrant was issued based on probable cause that the car was used to commit these crimes. According to the defendant's affidavit, Norton took no part in the impoundment and sale of Friend's car once he conducted the search. Friend failed to present any affidavits or other evidence to refute this evidence. Accordingly, the district court properly granted Norton's motion for summary judgment. See id.
 
 Appointment of Counsel
 
 11
 Friend contends that the district court erred in denying his motion for appointed counsel. This contention lacks merit.
 
 
 12
 A district court's ruling on a motion for appointment of counsel is reviewed for an abuse of discretion. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). A motion for appointment of counsel is within the broad discretion of the district court and is granted only in exceptional circumstances. Id. In deciding whether exceptional circumstances exist, a district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983).
 
 
 13
 Here, Friend did not show that the issues involved were complex enough to require appointment of counsel. Moreover, Friend was able to articulate clearly his claims. Accordingly, the district court did not abuse its discretion in denying Friend's motion for the appointment of counsel. See Wilborn, 789 F.2d at 1331; Weygandt, 718 F.2d at 954.
 
 Discovery
 
 14
 Friend contends that the district court erred by granting summary judgment in favor of the defendants without allowing him adequate discovery. We review discovery rulings for abuse of discretion. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988). Although we generally disfavor summary judgment if relevant evidence remains to be discovered, the burden is on the nonmoving party to show what material facts would be discovered that would preclude summary judgment. Id. Here, Friend failed to show what specific facts he hoped to discover which would have enabled him to withstand summary judgment. Accordingly, the district court did not abuse its discretion by granting summary judgment without allowing Friend further discovery. See id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3