17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William HARRISON, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 93-55212.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 14, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Harrison, a California state prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for two counts of first degree murder, robbery, and burglary. Harrison contends that (1) the trial court violated his right to due process by admitting codefendant Nida Davis's testimony and denying his motion to reopen the case during jury deliberations to inform the jury of Davis's sentence; (2) the trial court improperly admitted experimental evidence; and (3) his claim regarding an eighteen-day interruption of jury deliberations is not procedurally defaulted.[1] We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 Following a jury trial, Harrison was convicted of two counts of first degree murder, one count of robbery, and one count of burglary. The evidence showed that Harrison shot and killed Harris Laurie, and Harrison and Davis put the body in the trunk of Laurie's car. Harrison also stabbed to death Arlene Laurie, Harris Laurie's mother, in her bed. Harrison was sentenced to life imprisonment without the possibility of parole and a consecutive term of twenty-seven years to life. The California Court of Appeal affirmed Harrison's conviction, and the California Supreme Court denied review. Harrison filed his federal habeas petition in the district court on June 12, 1992, and the district court denied it on December 2, 1992.
 
 I. Claims regarding Davis
 
 4
 On May 24, 1988, Harrison and Davis were charged jointly with the two murders and other crimes, and both pleaded not guilty. At a hearing on May 1, 1989, the trial court granted Davis's unopposed motion for separate trials. The prosecutor stated that Harrison would be tried first, and Davis would testify against him. The prosecutor denied, however, having made any offer of leniency to Davis. The trial court permitted Davis to testify against Harrison. It also permitted the jury to be told there was an understanding that if Davis's testimony convinced the prosecution she was guilty only of accessory after the fact, she would be permitted to plead to that offense.
 
 
 5
 On June 5, 1989, Davis pleaded guilty to accessory after the fact, and the prosecutor told her she would not serve any more time if she testified truthfully. On June 20, 1989, she began testifying about Harrison's shooting of Harris Laurie and their disposal of his body. On cross-examination, she testified about her guilty plea. She also testified that even though the murder charges were still pending, she understood she would be prosecuted only for the crimes she had committed; this was her understanding of an April 18, 1987 letter from the prosecutor. On July 5, 1989, Davis testified that she had been sentenced that morning to time served on the accessory after the fact conviction, and other charges were still pending.
 
 
 6
 First, Harrison contends that the trial court violated his right to due process by admitting Davis's testimony, which he claims was coerced. This contention lacks merit.
 
 
 7
 A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process. Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir.1991). "The general rule is that an accomplice who has pled guilty may testify against non-pleading defendants without raising due process concerns." United States v. Yarbrough, 852 F.2d 1522, 1537 (9th Cir.), cert. denied, 488 U.S. 866 (1988). Plea agreements requiring an accomplice to testify against a codefendant "will generally be upheld if the jury is informed of the exact nature of the agreement, defense counsel is permitted to cross-examine the accomplice about the agreement, and the jury is instructed to weigh the accomplice's testimony with care." Id.
 
 
 8
 Harrison claims that the state created an undue risk of perjury by promising Davis a reduced sentence in exchange for her testimony. However, the jury was told about her agreement with the prosecution, and she was cross-examined extensively on this subject. See id. Moreover, the jury was instructed that "[a]n accomplice may have many self-serving motives that may influence his credibility such as the hope or expectation of leniency in return for testimony which would help convict another." See id. Under these circumstances, the admission of Davis's testimony did not violate Harrison's right to due process. See Jammal, 926 F.2d at 919-20.
 
 
 9
 Harrison also contends that the trial court violated his right to due process by denying his motion to reopen the case during jury deliberations to inform the jury of Davis's modified sentence. This contention lacks merit.
 
 
 10
 "To evaluate whether exclusion of evidence reaches constitutional proportions, we ... consider five factors: (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense." Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991). We then "balance the importance of the evidence against the state interest in exclusion." Id.
 
 
 11
 On August 9, 1989, while the jury was deliberating, Harrison moved to reopen proceedings to inform the jury that Davis's sentence had been changed from three years in state prison to jail time and probation. The trial court denied the motion, finding: "[t]he fact that instead of three years in prison it's three years in jail, that instead of parole it's probation, I consider absolutely legally insignificant on the issue of credibility of Nida Davis."
 
 
 12
 We agree with the district court's assessment that in light of the already extensive impeachment of Davis, the information about her modified sentence would have added little on the issue of her credibility. See id. The evidence was not important, and the jury already was deliberating; accordingly, the trial court did not violate Harrison's right to due process by excluding the evidence. See Jammal, 926 F.2d at 919-20; Tinsley, 895 F.2d at 530.
 
 II. Laurie's Glasses
 
 13
 Harrison contends that the trial court violated his right to due process by admitting experimental evidence regarding Harris Laurie's glasses, which were found with his mother's body. This contention lacks merit.
 
 
 14
 Detective Brian Tyndall testified that he found Harris Laurie's glasses face-down on Arlene Laurie's head, with the legs in a closed position. Criminologist Doreen Music testified that she dropped the glasses one hundred times to see if they would land in the closed position but that they did not do so. The prosecution offered this evidence to disprove the defense theory that Harris Laurie had accidentally dropped his glasses as he killed his mother.
 
 
 15
 Harrison argues that Music's testimony was unfairly prejudicial because it appeared convincing but was unscientific. However, he has not shown that this testimony rendered his entire trial so fundamentally unfair as to violate due process. See Jammal, 926 F.2d at 919-20.
 
 III. Procedural Default
 
 16
 Finally, Harrison contends that his claim regarding an eighteen-day interruption of jury deliberations is not procedurally defaulted. This contention lacks merit.
 
 
 17
 The federal courts may not review a question of federal law previously presented to a state court if the decision of the state court clearly and expressly relies on an independent and adequate state law ground. Coleman v. Thompson, 111 S.Ct. 2546, 2553-54, 2557 (1991). "[W]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991). A petitioner who has defaulted his claim in state court pursuant to an independent and adequate state procedural rule is barred from seeking federal habeas relief unless he can show cause for the default and resulting prejudice. Coleman, 111 S.Ct. at 2565.
 
 
 18
 The California Court of Appeal concluded that Harrison had waived his jury-deliberations claim by failing to raise it at trial. The California Supreme Court denied review without citation to any authority.
 
 
 19
 Harrison argues that the California appellate courts' decisions were not based upon an independent and adequate state procedural rule because the rule contains an exception. Cal.Penal Code Sec. 1259 provides as follows: "Upon an appeal taken by the defendant, the appellate court may, without exception having been taken in the trial court, review any question of law involved in any ruling, order, instruction, or thing whatsoever said or done at the trial or prior to or after judgment, which thing was said or done after objection made in and considered by the lower court, and which affected the substantial rights of the defendant." Section 1259 further provides: "The appellate court may also review any instruction given, refused or modified, even though no objection was made thereto in the lower court, if the substantial rights of the defendant were affected thereby."
 
 
 20
 The California Court of Appeal found that this exception did not apply; the court relied upon the general rule that a defendant waives a claim by failing to object at trial. Accordingly, Harrison's contention lacks merit. See Coleman, 111 S.Ct. at 2553-54, 2557; Harris, 489 U.S. at 265.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument; accordingly, Harrison's request for oral argument is denied. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Harrison's motion for appointment of counsel also is denied. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his opening brief, Harrison asks this court not to consider the following three additional claims on appeal: (1) the prosecutor violated his constitutional rights by disobeying discovery orders; (2) trial of the two murder counts should have been severed; and (3) he was entitled to a jury instruction regarding Davis's immunity. In his reply brief, Harrison withdraws his arguments regarding his claim that the trial court improperly excluded him from pre-trial meetings with Davis's counsel. Accordingly, we do not consider these four claims. See Nevada v. Watkins, 914 F.2d 1545, 1560 (9th Cir.1990), cert. denied, 499 U.S. 906 (1991)