Vernon C. WEYGANDT, Plaintiff-Appellant,

v.

Donald LOOK, Superintendent, and the Attorney General for the State of Washington, Defendants-Appellees.

No. 82–3197.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 3, 1983.

Decided Oct. 19, 1983.

Vernon C. Weygandt, pro se.

Michael P. Lynch, Asst. Atty. Gen., Olympia, Wash., for defendants-appellees.

Before BROWNING, Chief Judge, FLETCHER and PREGERSON, Circuit Judges.

PER CURIAM:

Weygandt appeals an interlocutory order denying his motion for appointment of counsel to represent him in the prosecution of his petition for a writ of habeas corpus. We dismiss for lack of jurisdiction.

Title 28 U.S.C. § 1291 vests the courts of appeals with appellate jurisdiction over "all final decisions of the district courts." Generally, the statute is limited to decisions ending the litigation on the merits. *See Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). However, in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), the Supreme Court recognized an exception for interlocutory orders falling within

> that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

Under *Cohen,* an interlocutory order is appealable if it (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).

An interlocutory order denying appointment of counsel in a habeas corpus proceeding does not fall within the "narrow exception" established by *Cohen* and *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). This court's decision in *Bradshaw v. Zoological Society,* 662 F.2d 1301 (9th Cir. 1981), that such an order in a Title VII action is appealable is not controlling.

1. In *Coopers & Lybrand,* the Supreme Court held an order denying class certification was not appealable in part because it may be "altered or amended before the decision on the merits," and is therefore "inherently tentative." 437 U.S. at 469 n.

11, 98 S.Ct. at 2458 n. 11. We find an interlocutory order denying appointment of counsel in a habeas proceeding is similarly "inherently tentative." The rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures (Rule 6(a), 28 U.S.C. foll. § 2254), or if an evidentiary hearing is required (Rule 8(c)), but "[t]hese rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the case if the interest of justice so requires." Rule 8(c). Since the district court or magistrate may appoint counsel at any stage of the case if the interests of justice require, an order denying appointment of counsel in a habeas proceeding, like a class certification order, is "inherently tentative." In contrast, the determination of appealability in *Bradshaw* was specifically premised on the fact that "[t]here is no provision in any statute or rule making orders denying appointment of counsel [in a Title VII case] 'inherently tentative.'" 662 F.2d at 1306 n. 14.

■ 2. An interlocutory order is not appealable if it "involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Coopers & Lybrand,* 437 U.S. at 469, 98 S.Ct. at 2458 (quoting *Mercantile National Bank v. Langdeau,* 371 U.S. 555, 558, 83 S.Ct. 520, 522, 9 L.Ed.2d 523 (1963)). In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See, e.g., Maclin v. Freake,* 650 F.2d 885, 887–88 (7th Cir.1981); *Dillon v. United States,* 307 F.2d 445, 447 (9th Cir.1962). These considerations are not separate and distinct from the underlying claim, but are inextricably enmeshed with them. In contrast, we concluded in *Bradshaw* that it was unnecessary for the district court to evaluate the underlying factual and legal issues of a Title VII case in deciding whether to appoint counsel since "the court need normally look only to a determination by an administrative agency, the EEOC." 662

F.2d at 1309. The EEOC's finding of "reasonable cause" is usually sufficient to establish the merits of plaintiff's claim for the purpose of appointing counsel "and the court need make no further inquiry with respect to that subject." *Id.*

3. We concluded in *Bradshaw* that an appeal from a final judgment in a Title VII action did not provide an adequate remedy for an erroneous interlocutory order denying counsel because even if successful on appeal, the unrepresented plaintiff "would be bound by the inevitable prejudicial errors" that would have occurred at the first trial. 662 F.2d at 1311, 1312. Such a plaintiff "could, for example, be bound by or impeached with her earlier testimony, or suffer adverse consequences from uninformed or unwise stipulations," or could be prejudiced in attempts to obtain a second opportunity for discovery directed by counsel. *Id.* at 1312. These concerns are not compelling in a habeas proceeding since the petitioner is not strictly bound by the rules of res judicata and collateral estoppel. *See Villarreal v. United States,* 461 F.2d 765, 767 (9th Cir.1972). Also inapplicable in the habeas context is the *Bradshaw* court's concern that delay in obtaining review would deprive plaintiff of the right to an expeditious determination of her claim. *See* 662 F.2d at 1312. In contrast to the extended delay frequently encountered in Title VII cases, delay in deciding the merits in habeas cases is usually not extensive.

We hold that an interlocutory order denying a motion for appointment of counsel in a habeas proceeding is distinguishable from such an order in a Title VII case, considered in *Bradshaw,* and is not appealable under 28 U.S.C. § 1291.

This appeal is dismissed for lack of jurisdiction.