19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin D. BARNER, Petitioner-Appellant,
v.
STATE OF NEVADA, Respondent-Appellee.
 No. 93-15630.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 2, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvin D. Barner, a Nevada state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. The district court determined that Barner received effective assistance of counsel at his trial for sexually assaulting his daughter. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687; Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). We exercise a strong presumption that counsel's conduct falls "within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir.1990); see Strickland, 466 U.S. at 690 ("counsel is strongly presumed to have rendered adequate assistance"). Counsel must "make reasonable investigations or ... a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691; see Kimmelman v. Morrison, 477 U.S. 365, 384-85 (1986). Counsel's decisions regarding pretrial investigation must be examined in light of the information supplied by the defendant. Strickland, 466 U.S. at 691. To satisfy the prejudice requirement, the defendant must show a reasonable probability that, absent the errors of counsel, the jury would have had a reasonable doubt regarding his guilt. Id. at 695.
 
 
 4
 Barner was convicted of sexually assaulting his daughter. The information charged that the crime occurred in Washoe County, Nevada, in the year 1981 "or thereabouts." The primary defense theory was that the prosecution could not show beyond a reasonable doubt that the alleged sexual abuse took place at the time and place specified in the information. The trial court denied several motions to dismiss based on a variance between the information and the evidence presented at trial.[1] However, the trial court ruled that the state would have to prove the crime as alleged in the information.
 
 
 5
 The primary witness for the prosecution was the victim. Because of her borderline mental abilities, her testimony was somewhat confused as to time and place. In response to a leading question in her direct testimony, the victim agreed that the event occurred in Nevada. However, during cross-examination, the victim stated that the event occurred in Florida after her seventh birthday, which would have been in 1982.
 
 
 6
 Barner contends that his trial counsel rendered ineffective assistance by: (1) failing to investigate potential alibi witnesses; (2) failing to call Barner to testify on his own behalf; and (3) failing to call an expert on child sexual abuse. These contentions have no merit.
 
 
 7
 Barner contends that his attorney was ineffective for failing to call two social workers as witnesses who could have testified that Barner and the victim were living in Florida during the time period alleged in the information. These witnesses were deposed for the state post-conviction hearing. Deborah Andrews would have testified that she met the victim in late 1982 in Florida, and that she saw no signs of sexual abuse at that time. She also would have testified that Barner was incarcerated at the time. Tom Yates would have testified that he met Barner's family in September of 1982, when, as a result of Barner's alcohol problems, Barner was evaluated to determine whether he could adequately supervise the victim. He also would have testified that he had no suspicions regarding sexual abuse.
 
 
 8
 Barner's argument that these witnesses could have established his presence in Florida during the time named in the information is unavailing: the information specified 1981 "or thereabouts," including the early months of 1982. The social workers would have testified that he was in Florida in the late months of 1982. Therefore, Barner can show no prejudice from the failure to present these witnesses. See Strickland, 466 U.S. at 695. Furthermore, in light of the circumstances in which these witnesses became acquainted with Barner, we cannot say that counsel's decision not to call these witnesses falls outside the wide range of competent assistance. See id. at 690; Hughes, 898 F.2d at 702.
 
 
 9
 Barner also contends that there were other witnesses and documentary evidence that could have proven that he was in Florida during the time in question. However, the trial court found that Barner did not alert his counsel to this evidence. We defer to this factual finding. See 28 U.S.C. Sec. 2254(d); Sumner v. Mata, 455 U.S. 591, 592-93 (1982). Accordingly, counsel cannot be faulted for failing to investigate such evidence. See Kimmelman, 477 U.S. at 384-85; Strickland, 466 U.S. at 691.
 
 
 10
 Barner argues that he should have been called to rebut the child abuse charges against him. However, the trial court found, following a post-conviction hearing, that Barner's demeanor was not convincing or empathic, and that the victim was "simple, earnest and truly poignant" in her testimony. We accord these findings a presumption of correctness. See 28 U.S.C. Sec. 2254(d); Sumner, 455 U.S. at 592-93. Furthermore, Barner had a recent felony conviction and a record of public intoxication and referrals to child protections agencies. In these circumstances, Barner has not overcome the presumption that counsel exercised acceptable professional judgment in deciding not to call him to testify. See Strickland, 466 U.S. at 690; Hughes, 898 F.2d at 702.
 
 
 11
 Barner contends that his attorney should have called an expert on child sexual abuse to counter the testimony given by experts for the prosecution. Specifically, Barner contends that he should have been examined by an expert to determine whether he fit the profile of a pedophile. However, we agree with the trial court that such testimony would not have been particularly probative, because Barner was charged with incestuous conduct rather than pedophilia. Accordingly, Barner cannot show that he was prejudiced by his counsel's failure to have him examined by an expert. See Strickland, 466 U.S. at 695.[2]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his opening brief to this Court, Barner argues that he was denied a fair trial because of the variance between the information and the proof at trial. However, because this argument was not presented to the district court, we do not consider it on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987)
 
 
 [2]
 The district court properly denied Barner's motion for appointed counsel. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)