53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William Charles COLLINGWOOD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-35651.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Charles Collingwood, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence imposed following his guilty plea to conspiracy to manufacture and distribute over 100 marijuana plants in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Collingwood raises several sentencing issues for the first time in his Sec. 2255 motion, asserting that his attorney advised him not to appeal, and that counsel's performance was ineffective. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 The decision whether to grant or deny a Sec. 2255 motion is reviewed de novo. Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994).
 
 I. Procedural Default
 
 4
 Collingwood contends the district court erred by failing to grant: (1) a reduction in his relevant conduct drug quantity; (2) a reduction in sentence based on disparity in sentences among the coconspirators; and (3) a downward departure for extraordinary family ties. The district court found that Collingwood was procedurally barred from raising these issues in a Sec. 2255 motion because he failed to show cause and prejudice. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1992). Collingwood argues that he failed to file an appeal because his attorney advised him an appeal lacked merit.
 
 
 5
 This court has recently held that nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. Sec. 2255. United States v. Schlesinger, No. 94-15612, slip op. 2097, 2103 (9th Cir. Feb. 24, 1995). In fact, nonconstitutional sentencing issues not raised on direct appeal are waived "without any opportunity to be saved by a showing of cause and prejudice." Id. at 2103. Accordingly, we affirm the dismissal of Collingwood's three sentencing claims.
 
 II. Ineffective Assistance Of Counsel
 
 6
 Collingwood also contends that he received ineffective assistance of counsel. Whether a defendant received ineffective assistance of counsel is a legal question reviewed de novo. Sanchez v. United States, No. 93-56315, slip op. 3015, 3029 (9th Cir. Mar. 21, 1995). The district court's findings of fact are reviewed under the clearly erroneous standard. United States v. Garcia, 997 F.2d 1273, 1283 (9th Cir. 1993). A defendant claiming ineffective assistance of counsel must demonstrate (1) that counsel's actions were deficient, and (2) that defendant was prejudiced because of counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-690 (1984). To prove that counsel's actions were deficient, a defendant must show that his counsel made errors that "a reasonable diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir. 1985). To show prejudice, a defendant must prove that, but for counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.
 
 A. Base Offense Level
 
 7
 Collingwood contends that his counsel was ineffective because he failed to argue that the district court improperly calculated his base offense level using the total amount of drugs seized from the conspiracy. This contention lacks merit. A defendant convicted of a drug conspiracy is accountable for relevant conduct within the scope of the conspiracy that was reasonably foreseeable by the defendant. United States v. Conkins, 9 F.3d 1377, 1386 (9th Cir. 1993); U.S.S.G. Sec. 1B1.3(a)(1), comment. (n.1).
 
 
 8
 The presentence investigation report (PSR), which was adopted by the district court, contained statements by Collingwood and his coconspirators establishing that Collingwood played a major role in the conspiracy. Collingwood owned a house where a marijuana grow operation was conducted with his knowledge, and he distributed substantial amounts of marijuana produced by others involved in the conspiracy. Collingwood also admitted making a substantial income by selling marijuana from the marijuana grow operations, and a coconspirator stated that Collingwood was a major partner in the conspiracy. The district court properly found that the total amount of drugs seized were within the scope of the conspiracy, and that the drugs were reasonably foreseeable to Collingwood. See Conkins, 9 F.3d at 1386.
 
 
 9
 Collingwood also asserts that a November 1992 amendment to U.S.S.G. Sec. 1B1.3 should be applied to his sentence. The Sentencing Guidelines in effect on the date of sentencing, however, are the applicable Guidelines. 18 U.S.C. Secs. 3553(a)(4) and (5) (cited in United States v. Turner, 898 F.2d 705 (9th Cir.), cert. denied, 110 S. Ct. 2574 (1990)). Collingwood was sentenced on May 11, 1992, and was subject to the November 1991 Sentencing Guidelines. Thus, any amendment occuring after Collingwood's sentencing date would be inapplicable to his sentence. Accordingly, Collingwood's counsel was not ineffective in deciding not to request a reduction in the base offense level, and he was not prejudiced by this decision. See Strickland, 466 U.S. at 687-90.
 
 B. Disparity In Sentence
 
 10
 Collingwood also argues his counsel was deficient in failing to appeal his sentence because it was greater than the sentences received by his coconspirators. The differences in Collingwood's 70-month sentence and his coconspirators 51 and 63 month sentences are attributed to Collingwood's higher criminal history category, and a coconspirator's receipt of a minor role adjustment. The role reduction was given to a coconspirator who's involvement in the conspiracy was less than one year, while Collingwood's involvement was far more extensive. A reduction based on disparity in sentences lacked merit. Counsel's performance was not deficient. See Strickland, 466 U.S. at 687-90.
 
 C. Extraordinary Family Ties
 
 11
 Finally, Collingwood contends his counsel was ineffective because he failed to argue for a downward departure for extraordinary family ties. Family ties and responsibilities are not ordinarily relevant to sentencing decisions. U.S.S.G. Sec. 5H1.6, p.s. Neither the defendant's past efforts to keep his family together nor the likely disruptive effect of his incarceration justifies downward departure. United States v. Miller, 991 F.2d 552 (9th Cir. 1993).
 
 
 12
 Collingwood's attorney argued adjustments for role and acceptance of responsibility, while referencing facts pertinent to a departure for family ties. The district court, however, specifically stated a departure was inappropriate in this case, rendering a family ties departure unlikely. Counsel was not deficient, nor was Collingwood prejudiced by his decision not to pursue such a departure. See Strickland, 466 U.S. at 687-90.
 
 
 13
 Accordingly, Collingwood's ineffective assistance of counsel claim lacks merit.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Collingwood filed a motion for appointment of counsel in this matter on March 1, 1995. However, because we have determined that Collingwood's Sec. 2255 motion lacks merit, Collingwood's motion for appointment of counsel is hereby denied. Weygandt v. Look, 718 F.2d 952 954 (9th Cir. 1983)