94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Adalberto CIWENSA-SALGUERO, aka: Corre Caminos,
Defendant-Appellant.
 No. 94-55032.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Adalberto Ciwensa-Salguero appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Ciwensa-Salguero contends that the district court erroneously denied his two ineffective assistance of counsel claims without conducting an evidentiary hearing. We review de novo a district court's decision on a section 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review de novo a district court's determination that trial counsel rendered effective assistance and for clear error the district court's underlying findings of fact. United States v. Olson, 925 F.2d 1170, 1173 (9th Cir.1991). To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." Id. at 697.
 
 
 4
 Ciwensa-Salguero contends that both of his attorneys were ineffective for failing to investigate or challenge Ciwensa-Salguero's prior California conviction. We disagree. Although Ciwensa-Salguero's first attorney failed to challenge the prior conviction at trial, Ciwensa-Salguero's second attorney challenged the conviction at sentencing and on appeal. Accordingly, Ciwensa-Salguero fails to show either deficient performance or prejudice. See id. at 688.
 
 
 5
 Ciwensa-Salguero next contends that his trial counsel was ineffective for precluding Ciwensa-Salguero from testifying about selling drugs within a 1000 yards of a school. Ciwensa-Salguero contends that his testimony would have shown either sentencing entrapment or government coercion. We disagree.
 
 
 6
 Ciwensa-Salguero fails to show prejudice because even if counsel had precluded Ciwensa-Salguero's testimony, Ciwensa-Salguero has not demonstrated a reasonable probability that the results of his proceeding would have been different. See id. at 694. Assuming that Ciwensa-Salguero could successfully challenge his enhancement for selling drugs within 1000 yards of a school, his sentence would have been the same because of the enhancement for his prior felony drug conviction. Compare 21 U.S.C. § 845a(a) (1988) (recodified as amended at 21 U.S.C. § 860(a) (1994)) (twenty-year mandatory minimum sentence for person who sells drugs within one thousand feet of school) with 21 U.S.C. § 841(b)(1)(A) (1994) (twenty-year mandatory minimum sentence for person with prior conviction for a felony drug offense).
 
 
 7
 Because Ciwensa-Salguero is not entitled to relief on either of his ineffective assistance of counsel claims, the district court did not err by denying the section 2255 motion without an evidentiary hearing. See 28 U.S.C. § 2255 (1994);[1] Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994) (per curiam).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal because we affirm under the former version of 28 U.S.C. § 2255
 
 
 [2]
 Ciwensa-Salguero has not shown exceptional circumstances which would warrant appointment of counsel on appeal. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983). In addition, we deny Ciwensa-Salguero's remaining motions as moot