132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence J. JENKINS, Petitioner-Appellant,
v.
Larry WRIGHT, Warden, South Idaho Correctional Institution,
Respondent-Appellee.
 No. 97-35320.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the District of Idaho Edward J. Lodge, Chief District Judge, Presiding
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence J. Jenkins, an Idaho state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging the revocation of his parole. Jenkins contends that respondent waived its right to revoke his parole by not promptly extraditing him from California. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and we affirm.
 
 
 3
 The district court correctly determined that Jenkins did not state a valid ground for federal relief. See id. First, Jenkins has not identified a federal constitutional right violated by respondent in this case. See Snook v. Wood, 89 F.3d 605, 609 (9th Cir.1996) ("It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States"). Second, to the extent that Jenkins contends that his due process rights were violated, he has failed to show that respondent caused an unreasonable delay in executing the arrest warrant or that Jenkins was prejudiced by the delay. Cf. United States v. Wickham, 618 F.2d 1307, 1309-11 (9th Cir.1979) (holding parole revocation due process requirements not violated unless unreasonable delay and prejudice to petitioner's ability to contest revocation). Accordingly, the district court did not err by denying Jenkins's § 2254 habeas petition. See Calderon, 59 F.3d at 1008.[1]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court did not err by denying Jenkins's § 2254 petition without an evidentiary hearing. See Swan v. Peterson, 6 F.3d 1373, 1384 (9th Cir.1993). We reject Jenkins's contention that the district court should have appointed counsel for him. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)