145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Patrick Lee MOSTELLER, Defendant-Appellant.
 No. 97-55137.
D.C. Nos. CV-95-00312-BTM, CR-89-00270-RMB.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1998**.
Decided June 12, 1998.
 
 Appeal from the United States District Court for the Southern District of California Barry T. Moskowitz, District Judge, Presiding.
 Before REINHARDT, THOMPSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Patrick Lee Mosteller appeals pro se the district court's denial of his 28 U.S.C. 2255 motion challenging his 210-month sentence imposed following his guilty plea to conspiracy to manufacture and possess methamphetamine with intent to distribute. We review de novo a district court's decision on a section 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir .1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Mosteller contends that the district court committed plain error and violated his due process rights by sentencing him in accordance with the d-methamphetamine rather than l-methamphetamine guideline. We have held that the d versus l-methamphetamine issue is nonconstitutional in nature. See United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997). Thus, "the issue cannot be raised under section 2255 if it was not raised at sentencing or on direct appeal." See id. Furthermore, even if Mosteller could bring this claim for the first time in a section 2255 motion, it would fail. Cf. United States v. Scrivner, 114 F.3d 964, 970 (9th Cir.1997) (sentencing defendants based upon the general guideline calculation for methamphetamine without classifying the charged substance as d- or l-methamphetamine not plain error).
 
 
 4
 Mosteller next argues that his right to effective assistance of counsel was violated by defense counsel's failure to challenge the form of methamphetamine. In McMullen, this Court held that an attorney's failure to challenge the form of methamphetamine does not constitute ineffective assistance of counsel. McMullen, 98 F.3d at 1158. The fact that Mosteller was arrested only with a precursor to methamphetamine does not change our analysis.
 
 
 5
 Finally, we reject Mosteller contention that the district court abused its discretion by denying his request for appointment of counsel on his sentencing entrapment claim because the claim was not complex or likely to be successful. See 18 U.S.C. section 3006A(a)(2)(B) (district court may appoint counsel in the "interest of justice" in section 2255 action); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983 (per curiam).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3