**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| EDWARD DEAN OLSON, | No. 13-36062 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00586-BLW |
| v. | |
| JOHANNA SMITH, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted April 6, 2015
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges and DONATO,[**] District Judge.

On October 31, 2009, plaintiff Edward Dean Olson, an inmate in the custody

of the Idaho Department of Correction ("IDOC"), was attacked by another prisoner

at the Clearwater County Jail ("CCJ") and suffered serious head and facial injuries.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James Donato, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Olson appeals the district court's grant of summary judgment for defendants on his 42 U.S.C. § 1983 and related state-law claims arising from the attack and subsequent medical care. He also appeals the district court's denial of his request for appointment of counsel and the denial of his motion to continue summary judgment to allow further discovery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a grant of summary judgment de novo. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). We review for an abuse of discretion the district court's decision not to appoint counsel, *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), and the denial of the motion to continue summary judgment to allow further discovery, *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

The district court properly granted summary judgment on Olson's Eighth Amendment failure to protect claims against the IDOC and CCJ defendants, including Sergeant Paul Schweller, Sergeant Frank Welch, Deputy Curtis Berry and Deputy Joe Rintelen. Olson failed to raise a genuine dispute of material fact as to whether any of these individual defendants knew, and then disregarded, that Olson's attacker, Tom Ezell, posed a substantial risk of harm to Olson. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately

2

indifferent only if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). And Olson failed to raise a genuine dispute of material fact as to whether any of these defendants were negligent under state law in that they acted unreasonably or could have foreseen that Ezell would attack Olson. *Turpen v. Granieri*, 133 Idaho 244 (1999).

The district court also properly granted summary judgment for the Corizon defendants. Under Idaho law, medical malpractice claims require expert testimony, which Olson did not provide. *See* Idaho Code § 6-1012. For his Eighth Amendment denial of adequate medical care claim, Olson failed to raise a genuine dispute of material fact as to whether any Corizon defendant, including Linda Gehrke and Physician's Assistant Michael Takagi, acted with deliberate indifference to his serious medical needs, *see Farmer*, 511 U.S. at 837, or that he sustained any injuries as the result of a policy or custom maintained by these defendants, *see Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 568. In fact, the record before the district court indicates that Olson received a high level of treatment and care from a number of physicians and specialists.

Olson argues that the district court erred in denying his requests for counsel. As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 542 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Olson asserts that the district court should have appointed counsel because his injuries limited his ability to litigate the case and he was likely to succeed on the merits. These arguments are not well taken. Olson alleges that he sustained a traumatic brain injury from the attack that permanently impaired his ability to think and concentrate, but the voluminous medical records before the district court show no evidence of any lingering cognitive disabilities. There is some evidence that Olson's vision required corrective lenses, but the need for glasses to read is not an "exceptional circumstance" warranting appointment of counsel.

4

On the likelihood of success, the district court carefully considered Olson's case and reasonably determined that "[w]hile [Olson] has shown that he has the skill and ability necessary to pursue his constitutional claims, he has not shown that his claims are particularly meritorious." Furthermore, the issues presented in this conditions of confinement case were not unduly complicated.

The district court applied the correct standard to the request for counsel, and the decision to decline appointment was logical, plausible and supported by the record. Consequently, it was not an abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

Finally, the district court did not abuse its discretion by denying Olson's motion to continue summary judgment to allow further discovery. Olson failed to identify specific facts to be obtained in discovery or how those facts would preclude summary judgment. *See* Fed. R. Civ. P. 56(d); *Tatum*, 441 F.3d at 1100-01.

**AFFIRMED.**

5

Olson v. Smith, 13-36062

SILVERMAN, Circuit Judge, dissenting:


As the memorandum points out, federal courts do not appoint counsel for civil litigants except in extraordinary circumstances, but in my opinion, this is one of those rare situations.


It is undisputed that the prison officials moved plaintiff to a different state prison facility because they knew he was in danger where he was. It is also undisputed that the officials then moved another state prison inmate to the county jail facility where plaintiff had been safely relocated. It is further undisputed that within 24 hours of that move, plaintiff was badly beaten by the other inmate and that he suffered severe and permanent injuries, including head trauma requiring at least two surgeries. Plaintiff's constitutional claims are not guaranteed winners, but neither are they frivolous, nor are his injuries trifling.


In addition, plaintiff plausibly alleged that the head injuries he sustained actually interfere with his ability to pursue his case. Given the nature and severity of the injuries he suffered, this is not an incredible allegation. For whatever

reason, whether medical or otherwise, it is readily apparent from the mountain of irrelevant junk that plaintiff filed in district court that he does not have the ability to properly pursue his plausible claims for the redress of his serious physical injuries.  We appointed counsel to represent plaintiff on appeal, but by that time, plaintiff had damaged his case beyond repair.  Not even a conscientious law school appellate clinic could salvage it.

Given the plausibility of at least some of his claims, the severity of his injuries, and his obvious inability to represent himself, the district court should have appointed counsel for plaintiff.  I respectfully dissent.