**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JEREMY VAUGHN PINSON,

Petitioner-Appellant,

v.

M. GUTIERREZ,

Respondent-Appellee.

No. 23-15027

D.C. No. 4:22-cv-00469-RM-JR

MEMORANDUM*

---

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted December 12, 2023**

Before:    WALLACE, LEE, and BUMATAY, Circuit Judges.

Federal prisoner Jeremy Pinson appeals pro se from the district court's

judgment summarily dismissing Pinson's petition for a writ of habeas corpus under

28 U.S.C. § 2241.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pinson's § 2241 petition asserted Fifth and Eighth Amendment claims

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

against Bureau of Prisons ("BOP") officials premised on Pinson's allegations that Pinson is being subjected to harassment and violence and is being denied medical care, including gender-affirming surgery, as a result of Pinson's designation as a maximum custody inmate and placement at a high-security men's facility. The district court did not abuse its discretion in dismissing the petition as duplicative because it raises the same claims and is based on the same factual allegations as those in *Pinson v. Carvajal, et al.*, 4:22-cv-00298-RM.[1] *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) (stating standard of review and test for determining whether an action is duplicative), *abrogated in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).

We reject Pinson's allegation of judicial bias as unsupported by the record. We also reject Pinson's argument that the district court should have appointed counsel sua sponte. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (stating criteria for appointment of counsel in a habeas proceeding).

Because we affirm the district court's conclusion that Pinson's § 2241 petition was duplicative, we do not address Pinson's challenges to the district court's alternative holding that Pinson's claims were not cognizable.

Pinson's renewed "Motion to Consolidate/Appoint Counsel" is denied.

**AFFIRMED.**

---

[1] Contrary to Pinson's suggestion, this civil action has not been dismissed.