NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCUS DON POWELL,

No.    22-15623

Plaintiff-Appellant,

D.C. No. 2:21-cv-00054-SMB

v.

MARTIN O'MALLEY, Commissioner of
Social Security,

MEMORANDUM*

Defendant-Appellee.

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted May 6, 2024**

Before:  D. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

Marcus Don Powell appeals pro se the district court's judgment dismissing

without prejudice his action seeking review of the Commissioner of Social

Security's denial of his application for Disability Insurance Benefits and

Supplemental Security Income under Titles II and XVI of the Social Security Act.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review for an abuse of discretion the district court's dismissal for failure to comply with a court order, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and its decision not to appoint counsel, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The district court did not abuse its discretion in dismissing the action because Powell failed to file an opening brief or to comply with the court's order to explain why his failure to do so should be excused. *See* Fed. R. Civ. P. 41(b) (permitting the court to dismiss an action for failure to prosecute or to comply with a court order); *Ferdik*, 963 F.2d at 1260–61 ("District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.") (cleaned up).

The district court also did not abuse its discretion in denying Powell's motion for appointment of counsel. While a court may under "exceptional circumstances" appoint counsel for indigent civil litigants, "the court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Because Powell failed to demonstrate exceptional circumstances or a

likelihood of success on the merits, the district court's decision not to appoint counsel was not an abuse of discretion.

The record also does not support Powell's contentions of judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993) (where "the essence of [appellant's] allegation of judicial bias was that [the judge's] prior ruling was adverse to him," appellant failed to show judicial bias from an extrajudicial source).

Finally, we decline to consider issues not specifically raised and argued in Powell's opening brief on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**