NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LISA MARIE PEREZ, FKA Lisa Marie Belyew,

               Plaintiff - Appellant,

  v.

MATT BEAUCHAMP; LARRY LORMAN; COLUSA POLICE DEPARTMENT,

           Defendants - Appellees.

No. 24-1329

D.C. No.
2:17-cv-00723-DJC-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Submitted May 29, 2026[**]

Before: LEE, SANCHEZ, and H.A. THOMAS, Circuit Judges.

    Lisa Perez filed a pro se action under 42 U.S.C. § 1983 against Larry

Lorman, an officer with the Colusa Police Department, alleging that Officer

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Lorman violated her Fourth Amendment right against the use of excessive force in connection with her February 2016 arrest. The jury returned a verdict in favor of Lorman and against Perez, and judgment was entered in accordance with the verdict. Perez now appeals (1) the district court's denial of her motions for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), (2) the district court's admission of her related criminal conviction for impeachment purposes, and (3) the district court's exclusion of certain rebuttal evidence at trial. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's denial of Perez's motions for appointment of counsel for abuse of discretion. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). To reverse the district court's evidentiary rulings, "we must find that the district court abused its discretion and that the error was prejudicial." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008).

1. The district court did not abuse its discretion in denying Perez's motions for appointment of counsel. Although there is no right to counsel in civil actions, "a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (internal quotation marks omitted). To determine whether exceptional circumstances exist, a court must consider, cumulatively, "the likelihood of success on the merits as well as the ability of the petitioner to

articulate [her] claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Here, the district court appropriately weighed these factors and determined that Perez had not met her burden of demonstrating exceptional circumstances. Perez's arguments on appeal do not succeed. First, we decline to consider Perez's medical records and letters, submitted for the first time on appeal, because they were not part of the record before the district court.[1] *See* Fed. R. App. P. 10(a); *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) ("Save in unusual circumstances, we consider only the district court record on appeal."). Second, Perez made no showing of likely success on the merits in moving for appointment of counsel. That the Fourth Amendment claim later survived summary judgment, as Perez points out, is irrelevant. Lastly, Perez asserts that the trial was an emotional and traumatizing experience, and had she been appointed counsel, the outcome may have been different. But the test is whether Perez demonstrated exceptional circumstances warranting the appointment of counsel, not whether Perez would have benefitted from that appointment. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Perez's circumstances do not meet this standard.

---

[1] For the same reason, Perez's motion to supplement or correct the record (Dkt. No. 29) to include her medical records is **DENIED**.

2. The district court did not abuse its discretion by admitting, for impeachment purposes, evidence of Perez's conviction arising from the same underlying incident. Under Federal Rule of Evidence 609, evidence of a felony conviction that is less than ten years old "must be admitted, subject to Rule 403, in a civil case[.]" Fed. R. Evid. 609(a)(1)(A). Under Rule 403, evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice," among other considerations. Fed. R. Evid. 403. On appeal, Perez concedes that evidence of her conviction could be used by the defense for impeachment purposes yet maintains that such evidence was prejudicial. She does not offer any argument, however, explaining why the risk of prejudice substantially outweighed the evidence's probative value to warrant exclusion under Rule 403.

3. The district court did not abuse its discretion by excluding Officer Lorman's prior statement that Perez had a defensive wound. Perez asserts that such evidence would have discredited Officer Lorman's testimony, but she does not challenge—and therefore forfeits review of—the district court's finding that the evidence is subject to exclusion under Rule 403 because its probative value is outweighed by the risk of wasting time. *See* Fed. R. Evid. 403; *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief."). In any event, Perez does not explain why the court's ruling was prejudicial.

**AFFIRMED.**