

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-16195 |
| Plaintiff - Appellee, | D.C. No. 2:14-cv-00067-PHX-JAT |
| v. | |
| ERNEST CHRZASZCZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted December 15, 2016[**]
San Francisco, California

Before: LUCERO,[***] GRABER, and HURWITZ, Circuit Judges.

Ernest Chrzaszcz appeals the denial of his 28 U.S.C. § 2255 habeas motion.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Carlos F. Lucero, United States Circuit Judge for the Tenth Circuit, sitting by designation.

# I

The district court granted a certificate of appealability ("COA") on the issue of whether counsel was ineffective during plea negotiations. We review this claim de novo. Hurles v. Ryan, 752 F.3d 768, 777 (9th Cir. 2014). To prevail, Chrzasszcz must show that "counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to his claim that counsel failed to properly advise him to accept a plea agreement, he "must show that but for the ineffective advice of counsel there is a reasonable probability that . . . the defendant would have accepted the plea." Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012).

Chrzaszcz has not satisfied the Strickland test. He contends that counsel misadvised him as to the likelihood of acquittal and mistakenly informed him that his "sentence exposure" would be ten years if he were convicted at trial. But Chrzaszcz made statements both at sentencing and in his subsequent habeas filings indicating he was aware that he might be sentenced in excess of ten years. Although a "defendant has the right to make a reasonably informed decision whether to accept a plea offer," the question is "not whether counsel's advice was right or wrong, but whether that advice was within the range of competence

demanded of attorneys in criminal cases." Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002) (internal quotation marks and alterations omitted).

Nor has Chrzaszcz shown a reasonable probability that he would have accepted the proposed plea agreements offered by the government but for counsel's advice. Lafler, 132 S. Ct. at 1385. Emails and phone messages in the record support defense counsel's affidavit stating that Chrzaszcz was unwilling to accept the plea agreements that were offered. Chrzaszcz states in conclusory terms that he would have accepted a plea deal but for counsel's misadvice. However, Chrzaszcz maintained his innocence through sentencing. And he admits in his habeas filings that he demanded a sentence lower than those offered by the government during plea negotiations.

Chrzaszcz also contends he was entitled to an evidentiary hearing. We review a district court's denial of a request for an evidentiary hearing for abuse of discretion. Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005). The district court did not abuse its discretion because Chrzaszcz's "conclusory allegations do not warrant an evidentiary hearing." Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989). We also reject Chrzaszcz's related argument that the district court should have appointed counsel. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (stating standard of review).

3

## II

Chrzaszcz raises several other arguments on appeal that are not included in the COA. "In federal habeas corpus proceedings, the exercise of appellate jurisdiction is dependent entirely upon the issuance of a COA." United States v. Grace, 526 F.3d 499, 522 (9th Cir. 2008) (en banc) (Hawkins, J., concurring) (ellipsis omitted) (quoting Phelps v. Alameda, 366 F.3d 722, 726 (9th Cir. 2004)). We may expand the COA, but "only if the applicant has made a substantial showing of the denial of a constitutional right." Murray v. Schriro, 745 F.3d 984, 1002 (9th Cir. 2014) (quoting 28 U.S.C. § 2253(c)(2)). Because Chrzaszcz has not made such a showing, we decline to expand the COA.

**AFFIRMED**.