NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ABEL FIERRO, | No.   19-16786 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02173-JJT |
| v. | |
| KEITH SMITH, Security Operations Administrator at Phoenix Division Director's Office; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| CHARLES L. RYAN; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted January 13, 2022
Pasadena, California

Before:  WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,[**] District
Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Jose Abel Fierro, proceeding *pro se* from prison, brought an action under 42 U.S.C. § 1983 alleging that Arizona Department of Corrections prison officials and medical providers failed to protect him and denied him adequate medical care in violation of the Eighth Amendment. As relevant here, Fierro challenges (1) the district court's repeated denials of his motions to appoint counsel before eventually appointing counsel for trial, and (2) the district court's summary judgment in favor of Ryan Brower, Dr. Zoran Vukcevic, and Tammie Nash on Fierro's inadequate medical care claims. We affirm the district court's judgment on these issues.[1]

**1.** We review for an abuse of discretion the district court's denial of a motion to appoint counsel for an indigent civil litigant. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The appointment of counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). A finding of exceptional circumstances requires an evaluation of (1) "the likelihood of success on the merits," and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.

---

[1]     Fierro raises one additional argument on appeal, which we address in an opinion filed simultaneously with this memorandum disposition.

1983)).  Neither factor alone is dispositive; they must be weighed together.  *Id.*

Fierro argues that the district court erred by failing to articulate its reasons for denying his motions to appoint counsel.[2]  In the alternative, he argues that even if the court had analyzed the relevant factors, its denial of the motions would be an abuse of discretion.  Although the court did not give detailed reasons for denying Fierro's motions, the orders nevertheless were responsive to Fierro's requests and correctly stated the relevant law.  In its first order declining to appoint counsel, the district court described the standard for exceptional circumstances and concluded that such circumstances were not present in this case.  In later orders, the magistrate judge gave more detail, explaining that any difficulties Fierro was experiencing "due to his lack of legal training and limited access to legal resources" were "the same difficulties that most *pro se* prisoner litigants face and d[id] not establish exceptional circumstances."  On two occasions, the magistrate judge further explained that Fierro "continue[d] to file motions and other documents in this case, indicating that he is able to present his claims to the [c]ourt."  Fierro argues that, as in *Solis v. County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008), the district court's failure to explain its reasons requires

---

[2]    Fierro's first motion to appoint counsel was denied by the district judge, and his six subsequent motions were referred to and denied by the magistrate judge.  Our references to the "district court" here encompass the decisions of both the district judge and the magistrate judge.

remand. Not so. In *Solis*, the district court had given *no* explanation for denying the plaintiff's motions to appoint counsel, leaving us unable to determine whether the denial was an abuse of discretion. *Id.* In remanding for a new trial on other grounds, we instructed the district court to reconsider the appointment of counsel and to provide an explanation for its decision. *Id.* Here, by contrast, the district court has provided enough of a rationale to create a record for our review.

On the merits, the district court's application of the law was not "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). It was not necessarily clear that Fierro's claims had potential merit until after summary judgment—and the district court appropriately did appoint counsel once it was apparent that the failure-to-protect claims would go to trial.[3] The record also provides some support for the conclusion that Fierro was ably litigating his claims *pro se*, and his failure-to-protect claims were not so complex as to require the appointment of counsel far in advance of trial. Accordingly, we hold that the district court did not abuse its discretion by declining to appoint counsel earlier in

---

[3] Fierro argues that the eventual appointment of counsel did not cure the earlier errors because he was prejudiced by having to manage discovery on his own and by his inability to take depositions. Although we are sympathetic to the difficulties *pro se* prisoners face in navigating discovery, "the need for further factual discovery is not, by itself, sufficient to establish the complexity of the legal issues." *Wilborn*, 789 F.2d at 1331 n.5. Further, Fierro could have asked the court for permission to take depositions, but he did not do so.

this case.

**2.** To prevail on an Eighth Amendment claim of inadequate medical care, a prisoner must show that prison officials were deliberately indifferent to his serious medical needs. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). Deliberate indifference is established when the prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere "difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (alterations omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc)). "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Id.* (alteration in original) (quoting *Jackson*, 90 F.3d at 332).

First, Fierro contends there was a genuine factual dispute about whether Defendants Vukcevic and Brower provided constitutionally inadequate care by declining to follow the recommendation of Fierro's physicians for the treatment of Fierro's nerve and back pain. But prison medical officials' rejection of the opinion of a specialist or treating physician does not constitute deliberate indifference if it

5

is based on a difference of medical opinion, rather than "for reasons unrelated to the medical needs of the prisoner." *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992), *abrogated in part on other grounds as recognized in Est. of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1045 (9th Cir. 2002). Both Vukcevic and Brower offered medical reasons for parting ways with the recommendations of the other doctors. The district court lacked evidence from which to conclude there was a genuine dispute that the course of treatment chosen by Vukcevic and Brower was medically unacceptable. *See Toguchi*, 391 F.3d at 1058.

Second, Fierro asserts that the decision to reduce his dosage of two pain medications constituted deliberate indifference. Vukcevic and Brower indicate they lowered Fierro's dosages for medical reasons, noting that one of the medications was not approved for Fierro's condition, the other could cause negative side effects, and other pain medications were "better options for chronic pain." They also cited concerns about "rampant abuse" and "hoarding" of pain medications in the broader prison population. Because the decrease in Fierro's dosages was based at least in part on individualized, health-based rationales, and not solely on administrative policy or concerns about broader drug use in the prison, Fierro has not raised a genuine dispute that Vukcevic and Brower were deliberately indifferent to his serious medical needs. We therefore affirm the summary judgment in favor of Defendants Vukcevic and Brower.

6

Finally, Fierro challenges the district court's summary judgment in favor of Defendant Tammie Nash, whom Fierro believed to be the clinical coordinator who had denied him hand surgery. Nash moved for summary judgment on the basis that she was not the clinical coordinator and had not been involved in Fierro's care. Fierro argues on appeal that the district court should have helped him identify the proper defendant and given him more time to obtain his full medical records to identify the relevant clinical coordinator. We conclude that these arguments were forfeited in the district court. In response to Nash's motion for summary judgment, Fierro insisted that Nash was involved in his care and requested his medical records to prove Nash's involvement; he did not ask the district court for help finding a substitute defendant or for more time to identify the clinical coordinator responsible for his care. We cannot fault the district court for failing to help Fierro when he did not request the court's assistance. Accordingly, we affirm the district court's summary judgment in favor of Defendant Nash.

**AFFIRMED IN PART.**