NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID SCOTT PEASLEY,

No.   23-15471

Plaintiff-Appellant,

D.C. No. 4:15-cv-01769-JSW

v.

M. ELIOT SPEARMAN, Warden; et al.,

MEMORANDUM[*]

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted March 5, 2025
San Francisco, California

Before:  WARDLAW, BEA, and LEE, Circuit Judges.

David Peasley appeals from the district court's order granting summary

judgment in favor of Officers Gibson, Orozco, and Maria Lopez.[**]  Peasley alleges

that the officers violated his rights under the Eighth Amendment on two occasions

by denying him access to necessary medical care for his Type 1 diabetes.  Peasley

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The first names of Officers Gibson and Orozco are not apparent from
the record.

also appeals the denial of his request for appointment of counsel. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's summary judgment in favor of Officers Gibson and Orozco, but reverse summary judgment in favor of Officer Lopez; reverse the denial of request for appointment of counsel; and remand for further proceedings.

1. Deliberate indifference claim.

We review summary judgment orders de novo and must view "the evidence in the light most favorable to the non-moving party" in determining whether there is a genuine dispute of material fact. *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent when he knows that a prisoner faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Neither negligence nor gross negligence constitutes deliberate indifference. *Id.* at 835-36 & n.4. That said, "[t]he requirement of deliberate indifference is less stringent in cases involving a prisoner's medical needs than in other cases involving harm to incarcerated individuals because the State's responsibility to provide inmates with medical care ordinarily does not

conflict with competing administrative concerns." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (internal quotation marks and citation omitted), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). Prison officials can be found "deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir.2002) (internal citation and quotation marks omitted).

### A. Officers Gibson and Orozco.

We affirm the district court's grant of summary judgment to Officers Gibson and Orozco. Peasley claims that he was worried that his blood sugar level was too high and thus asked Officers Gibson and Orozco to release him from his cell so that he could see Medical for a blood glucose test "as a precaution."

Instead of permitting Peasley to see Medical, though, Officer Gibson called the "pill window"—a place within the prison that provides scheduled blood tests—to ask a "pill nurse" if they would provide Peasley a blood glucose test. The pill nurse informed Officer Gibson that the pill window could not provide a blood glucose test because Peasley had no "order" for such a test. Officer Gibson informed Peasley that the pill nurse said they were unable to provide a blood test, and, according to Peasley, it then "became funny to [Officer] Orozco to tell [Peasley] the [nurse] wouldn't help as he ignored [Peasley's] question all together." But given

3

that Peasley had earlier described his request for a blood test as merely precautionary, Officers Gibson and Orozco's denial of his request does not rise to deliberate indifference.

B. *Officer Lopez.*

Viewing the evidence in the light most favorable to Peasley, we reverse and remand the district court's grant of summary judgment to Officer Lopez. Peasley claims he informed Officer Lopez that he was experiencing diabetic symptoms, that his condition was "urgent," and that he needed a pass to see Medical. Officer Lopez made a phone call and then returned to tell Peasley he did not have an appointment. Officer Lopez then gave Peasley a medical intake form and left him alone in his cell. Peasley alleges that although Officer Lopez knew he was diabetic and was told that he needed "urgent" medical care, Officer Lopez told the medical staff "only" that Peasley "felt bad." Given Peasley allegedly told Officer Lopez that his diabetic medical needs were "urgent," a jury could conclude that Officer Lopez knew Peasley faced "a substantial risk of serious harm" but "disregard[ed] that risk by failing to take reasonable steps to abate it." *Farmer*, 511 U.S. at 847.

2. Request for appointment of counsel.

We review an order denying a plaintiff's request for appointment of counsel for abuse of discretion. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The decision to appoint counsel "is within the sound discretion of the trial court and is

4

granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal citation and quotation marks omitted). A finding of exceptional circumstances requires an evaluation of (1) "the likelihood of success on the merits," and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Importantly, neither factor alone is dispositive and "both must be viewed together before reaching a decision." *Id.*

Here, the district court denied Peasley's motion for appointment of counsel "because there is no right to counsel in a civil proceeding, and [Peasley] has been able to adequately present his claims to the Court." The district court thus addressed the second factor (Peasley's ability to articulate his claims *pro se*) but not the first factor (Peasley's likelihood of success on the merits). Because the district court "failed to articulate its reasons" for denying Peasley's request for appointment of counsel, it is difficult to "determine on appellate review whether [the district court's] denial constituted an abuse of discretion." *See Solis v. Cnty. of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008). For this reason, we reverse and remand the district court's denial of Peasley's request for counsel. *See id.* "If the district court should, after considering all the relevant factors, including those mentioned above, decide once again to deny [Peasley's] motion for appointment of counsel, it must provide

5

an adequate explanation of its reasons such that its decision may be reviewed by us on appeal." *Id.*

**AFFIRMED IN PART; REVERSED IN PART; and REMANDED.**